```
          UNITED STATES DISTRICT COURT
           SOUTHERN DISTRICT OF OHIO
                WESTERN DIVISION
```

DAVID BILLUPS,
    PLAINTIFF,                     CASE NO. C-1-01-377
                                       JUDGE SPIEGEL
   -vs-                             MAGISTRATE JUDGE HOGAN

JAMES McWEENEY, ET AL.,   /

PLAINTIFF"S OPPOSITION TO DEFENDANT OBREGON"S
MOTION FOR SUMMARY JUDGMENT

POINT I

The nature of the Supplemental Complaint is Defendant Obregon denied Plaintiff's request and need for a nonsmoking housing environment. Pursuant to the Ohio Administrative Code (O.A.C.) 5120-9-59(D)(1) Plaintiff has the right to a nonsmoking housing environment, accord, HELLING vs. McKINNEY, 509 U.S. 25, 35-36 (1993).

It is undisputed that Plaintiff's involuntary exposure to second hand smoke results in an unreasonable risk of serious harm to Plaintiff's future health, HELLING, supra.

As stated in the April 24, 2003 Affidavit by Dr. Marcel Casavant, "exposure to second hand smoke is a danger to anyone."

POINT II

Defendant Obregon states on page 4 of his Summary Judgment Motion that Plaintiff refused to go to Children's Hospital on May 17, 2001. This is not correct. As verified by Exhibit "A", Plaintiff did not refuse, but requested the trip be rescheduled because of an attorney phone conference.

POINT III

Defendant Obregon also continues to state Plaintiff's mercury levels were within normal limits. Plaintiff's mercury poisoning mostly resides in his lungs, brain, and fatty tissues

then leeches out periodically into his blood. Blood mercury levels is not a correct indication of the amount of mercury poisoning in Plaintiff's body.

This issue can not be resolved without the appointment of an independent expert medical witness.

Chelation Therapy is the standard for heavy metal poisoning. This medical treatment was stopped by Defendant Obregon, again placing Plaintiff's future health at an unreasonable risk of future harm.

## CONCLUSIONS

Defendant Obregon was deliberately indifferent to Plaintiff's serious medical needs and exposed Plaintiff's future health to an unreasonable risk of serious harm in two ways:
1. Defendant Obregon denied Plaintiff smoke free housing as is required by O.A.C. 5120-9-59.
2. Defendant Obregon discontinued the Chelation Therapy medical treatment for Plaintiff's mercury poisoning.

For the foregoing reasons, Defendant Obregon's MOtion for Summary Judgment should be denied.

Respectfully Submitted,

/s/ David Billups
David Billups
P.O. Box 7010-211903
Chillicothe, Ohio
45601

-1-

### CERTIFICATE OF SERVICE

I hereby certify a copy of the foregoing has been served to Counsel for Defendants. at: Marianne Pressman #0059512, 441 Vine Street, cincinnati, Ohio 45202 this 4th day of Dec 2003 by regular U.S. Mail.

/s/ David Billups
David Billups