UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

2003 DEC 15 PM 2:07

FILED
JAMES BONINI
CLERK

U.S. DISTRICT COURT
SOUTHERN DIST OHIO
WEST DIV CINCINNATI

DAVID BILLUPS,
   PLAINTIFF,

-vs-

JAMES McWEENEY, ET AL.,
   DEFENDANTS.    /

CASE NO. C-1-01-377
JUDGE SPIEGEL
MAGISTRATE JUDGE HOGAN

PLAINTIFF'S TRAVERSE IN OPPOSITION TO DEFENDANT
AUDREY YOUNG'S SUPPLEMENTARY OBJECTION TO THE
MAGISTRATE'S REPORT AND RECOMMENDATION

    Plaintiff, David Billups, moves this Court to DENY Defendant Young's Supplementary Objection for the following reasons:

POINT I

    This case was filed by the Plaintiff on June 7, 2001. Now for the <u>first</u> time in two (2) years, <u>over two (2) years</u>, DEfendant now state on page 3 of the Supplementary Objection that, "In the case at bar, Ms. Young had no personal involvement."(sic), and"... she did very little posting of cash slips..."(sic)

    At <u>no time</u> during the over two years this case has been pending did Counsel for Defendants claim Defendant Young had no involvement. During several Motions and the deposition Defendant s' Counsel at no time claimed Defendant Young had no involvement:

A.    On November 15, 2001 Defendant Young first answered Plaintiff's Complaint. At defense #7, Counsel for Defendants did not claim Defendant Young had no personal involvement.

B.    In January 2002 Defendants conducted a Deposition of the Plaintiff. During this Deposition, at no time did Defendant Young claim no personal involvement.

C.    On April 8, 2002 Defendants filed, "Defendant's Response to Court's shoe Cause Order and Opposition To Plaintiff's Motion for Partial Summary Judgment", on page 8 Defendant Young states, "...that Plaintiff did not have sufficient

-1-

      funds on the day that Ms. Young was cutting checks."(sic) and, "checks were to be issued on the 13th"(sic), meaning December 13, 1999, a Monday. At no time did Defendant Young claim no personal involvement.

D. Defendant Young first states in the Supplementary Objection Motion on page 2 that, "it is the procedure of the Cashier's Office to process cash slips each Friday"(sic). Yet, in the April 8, 2002 response Defendant Young states at page 8, "checks were to be issued on the 13th"(sic), which was a Monday, December 13th, 1999. This shows cash slips are processed any day of the week, and there is <u>NO REASON</u> why Plaintiff's legal mail cash slip could not have been timely processed when the Cashier's Office received it on Friday, December 3, 1999.

E. On april 28, 2003, Defendants filed, "defendants' Supplementary Motion For Summary Judgment". On page 17 Defendants state, "Even if Defendant [Young] delayed sending the appeal, she [Defendant Young] did so because she [Defendant Young] found he didn't have the funds to cover the filing fee."(sic) At no time did Defendant Young claim no personal involvement.

POINT II

On Page 2 of the Supplementary Objection, Defendant Young states, "If he had submitted the cash slip any time during the week that he returned to the institution, it could have been processed on <u>December 3rd and sent out that day.</u>"(sic)

Plaintiff wishes to direct this Court's attention to "Plaintiff's Motion for Partial Summary Judgment and Declaration at #11 & #12, page 2, filed October 22, 2001 and also Exhibit "B" of that Motion, wherein Unit Manager Lillian Terry verifies Plaintiff's legal cash slip(Exhibit "C") were taken to the Cashier's Office on December 3, 1999, a Friday, for processing.

Pursuant to Defendants' own assertions on page 2 of the Supplementary Objection, Plaintiff's legal mail cash slips

should have been processed and <u>sent out that day</u>.

### POINT III

On Page 4 of the Supplementary Objection Defendant Young states, "Plaintiff alleges he sent a kite to Ms. Young on December 3, 1999. This exhibit should be disregarded for four reasons.
1. It is not dated.
2. There is no evidence that it was addresses to Ms. Young since he did not attach the front side of the kite.
3. There is no evidence of a response...
4. A kite log is kept in the Cashier's Office..."

Plaintiff again refers this Court's attention to, "Plaintiff's Motion for Summary Judgment and Declaration", filed October 22, 2001 at Exhibit "A". Plaintiff maintains copies of all important kites he sends out as proof he sent them. Exhibit "A" shows the <u>front</u> & <u>back</u> copy of the kite Plaintiff sent to the Cashier's Office dated 12.2.99, which is also signed by the prison guard whom issued the kite.

### CONCLUSIONS

At no time in the over two (2) years this case has been pending has Counsel for Defendants claimed that Defendant Young had no involvement. In fact, as Plaintiff listed, <u>supra</u>, Counsel for Defendant Young has admitted involvement on several occasions, Please see POINT I A - E.

At no other time, with no other Motion has Counsel for DEfendants more misconstrued the facts than with this Supplementary Objection Motion.

Therefore Plaintiff asserts Defendants' Supplementary Objection Motion should be <u>DENIED</u>.

        Respectfully Submitted,

/s/ David Billups
David Billups
P.O. Box 7010-211903
Chillicothe, Ohio
45601

### CERTIFICATE OF SERVICE

I hereby certify a copy of the foregoing has been served to Counsel for Defendants at: Marianne Pressman #0059512, 1600 Carew Tower, 441 Vine Street, Cincinnati, Ohio 45202 mpressman@ag.state.oh.us this ___4th___ day of ___Dec___ 2003 by regular U.S. Mail.

/s/ David Billups
David Billups

-4-