UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| **DAVID BILLUPS,** | : | Case No. C-1-01-377 |
| **Plaintiff,** | : | |
| | : | |
| v. | : | JUDGE SPIEGEL |
| | : | MAGISTRATE JUDGE HOGAN |
| **JAMES MCWEENEY, et al.,** | : | |
| **Defendants.** | : | |

### DEFENDANTS' REPLY TO PLAINTIFF'S OPPOSITION TO DEFENDANT OBREGON'S MOTION FOR SUMMARY JUDGMENT

On March 12, 2002, Plaintiff was granted leave to supplement his complaint, adding a deliberate indifference claim against Dr. Obregon. (Doc. 28). He claimed that Dr. Obregon denied him a non-smoking cell. In support of his claim, he inaccurately cites to *Helling v. McKinney*, 509 U.S. 25 (1983), that he has a right to a non-smoking housing environment. *Helling* does not state that there is such an entitlement. Rather, the Supreme Court held that a Plaintiff would have to prove both an objective and subjective element to successfully claim a constitutional violation for exposure to environmental tobacco smoke. Under the objective standard, he must show that he was exposed to "unreasonable levels" of ETS. At the time, Plaintiff was incarcerated at SOCF. SOCF is the only maximum security prison in Ohio and, because of the high security, all inmates are in single cells. Therefore, he would not be exposed to a smoking cellmate. Furthermore, all cells at SOCF contain a window, which reduce the levels of smoke. Finally, at the time at issue, smoking at SOCF was restricted to housing units only. Thus, the amount of exposure that he would

have in a general population cellblock would be minimal, since he would not be exposed in the dining room, a work place, the library or any other common areas of the prison. The first policy regarding any reduction in exposure to ETS was distributed by the Director in 1994. Since then, more stringent policies have been put into effect. In January, 2002, O.A.C. §5120-9-59 went into effect. This regulation requires each institution to have at least one cellblock in which smoking is not permitted. O.A.C. §5120-9-59(D)(1). Those regulations and policies are established by legislation and by the Director of ODRC, not the Medical Director of a prison. Those evolving policies show an attitude, as mentioned in *Helling*, that would withstand any claim of deliberate indifference. As to the subjective element, Plaintiff can show no medical necessity for a completely smoke-free environment. (Obregon Aff. ¶16). More significantly, at the time at issue, there were no smoke free cellblocks designated in general population. (*Id*. ¶17). Shortly after Plaintiff was transferred to another institution, SOCF designated a non-smoking cellblock. Plaintiff can show no evidence that he has a specific need for a non-smoking environment. He refused to be scheduled for an evaluation with the toxicologist at Ohio State University Children's Hospital on May 9, 2001. On May 17, 2001, a doctors note indicates that he will continue to be monitored but no treatment is needed. (Ex. M, p. 4) Finally, on July 23, 2001, Plaintiff refused a test to determine the levels of mercury in his system. (See Ex. M, last page).

     For all the foregoing reasons, and more significantly, those contained in Dr. Obregon's Motion for Summary Judgment, Defendant was not deliberately

indifferent to Plaintiff's serious medical needs and must be dismissed as a matter of law.

        Respectfully submitted,

        JIM PETRO
        Attorney General of Ohio

        s/ MARIANNE PRESSMAN
        MARIANNE PRESSMAN (0059512)
        Assistant Attorney General
        Corrections Litigation Section
        1600 Carew Tower
        441 Vine Street
        Cincinnati, OH  45202
        Telephone:   (513) 852-3497
        Facsimile:    (513) 852-3484
        E-Mail:  mpressman@ag.state.oh.us

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing was forwarded to Plaintiff, David Billups, #211-903, Ross Correctional Institution, P.O. Box 7010, Chillicothe, Ohio 45601by regular U.S. mail on this 18th day of December, 2003.

        s/MARIANNE PRESSMAN
        MARIANNE PRESSMAN
        Assistant Attorney General