UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| DAVID BILLUPS,     Plaintiff, | : : : | Case No. C-1-01-377 |
| v. | : : | JUDGE SPIEGEL MAGISTRATE JUDGE HOGAN |
| JAMES MCWEENEY, et al.,     Defendants. | : : | |

## DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION FOR SANCTIONS

Plaintiff alleges that Defendants misled this Court when filing Defendant Audrey Young's supplementary objection to the Magistrate's Report & Recommendation. Plaintiff cites to 4 instances in which he claims Ms. Young acknowledged her personal involvement. Defendant Young never admitted personal involvement with Plaintiff's delay in filing his appeal before the Court of Claims.

1. In Defendants' Answer, filed November 15, 2001, (Doc. 15), the Seventh Defense states in full, "Defendant Audrey C. Young admits she is cashier at LeCI but denies the allegation that she denied Plaintiff access to Court." This was and is a correct statement. She was the head cashier at the time but denies that she was personally involved or was liable for the delay in the filing of Plaintiff's appeal to the Court of Claims.

2. Plaintiff refers to his deposition taken February 18, 2002. When questioned about his claims against Defendant Audrey Young, he claimed that as cashier, she held some court papers for two weeks. He claimed that he had

been hospitalized in November, 1999, and when he got back, he was in the middle of needing to file an appeal to the Court of Claims. He claimed that, "When I got back… I immediately sent her a kite." (Depo. p. 39, l. 15-17). Contrary to this claim, prison records indicate that he returned from the hospital on Monday, November 29th, but did not sign a cash slip until Friday, December 3rd. Thus, he did not "immediately" send a kite to anyone. More significantly, he testified that he turned over his legal papers and cash slip to his unit manager, Ms. Terry. At no time does he claim that he turned them over to Ms. Young. (Depo. p. 40, l. 2-6). Finally, Plaintiff acknowledges that when he filed a grievance on the matter, the inspector told him that he did not have enough money on the 13th. Thus, there is no evidence in his deposition that Ms. Young was personally responsible for any delay in sending the filing fee and appeal to the Court of Claims.

    3.    Plaintiff refers to Defendants' response to the Court's show cause order, page 2 & 8, filed April 8, 2002. (Doc. 38) Page 2 merely contains Plaintiff's claim, that the institution cashier violated his constitutional rights of access to the court because she did not timely send his Notice of Appeal to the Court of Claims in a case that had been dismissed. Page 8 merely refers again to the fact that he did not have sufficient funds since he had spent $11.09 at the commissary on December 9th. These statements are supported by appropriate documents. (Plaintiff's Ex. D). At no time does Defendant claim personal responsibility.

    4.    Finally, Plaintiff refers to Defendants' Supplementary Motion for

Summary Judgment, filed April 28, 2003, (Doc. 100). With reference to Defendant Young, the issue of Plaintiff's legal access claim states, "Plaintiff claims Defendant Young, LeCI cashier, delayed sending an appeal for a lawsuit Plaintiff had lost. Even if Defendant delayed sending the appeal, she did so because she found he didn't have the funds to cover the filing fee." (pg. 17) Thus, again, Defendant Young refers to Plaintiff's claim. She does not acknowledge that his claim is correct. She then hypothetically states that even if she had delayed in sending the appeal, he did not have sufficient funds to cover the filing fee. This in no way serves as an admission to involvement.

Thus, for the reasons stated, Plaintiff's Motion for Rule 11 sanctions should be denied.

Plaintiff also seeks an evidentiary hearing on this matter. He is apparently seeking documents long after the discovery deadline has passed. More significantly, the matters he is concerned about have already been addressed through an affidavit from the cashier's office or through documents attached to Defendants' previous objection. Therefore, Defendant objects to an evidentiary hearing on any matters relating to Plaintiff's claim against Ms. Young.

Respectfully submitted,

JIM PETRO
Attorney General of Ohio


s/ MARIANNE PRESSMAN
MARIANNE PRESSMAN (0059512)
Assistant Attorney General
Corrections Litigation Section
1600 Carew Tower
441 Vine Street
Cincinnati, OH  45202
Telephone:   (513) 852-3497
Facsimile:    (513) 852-3484
E-Mail:  mpressman@ag.state.oh.us


**CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing was forwarded to Plaintiff, David Billups, #211-903, Ross Correctional Institution, P.O. Box 7010, Chillicothe, Ohio 45601by regular U.S. mail on this 18th day of December, 2003.


s/MARIANNE PRESSMAN
MARIANNE PRESSMAN
Assistant Attorney General