**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

| | | |
|---|---|---|
| **DAVID BILLUPS,** | : | Case No. C-1-01-377 |
| Plaintiff, | : | |
| | : | |
| v. | : | JUDGE SPIEGEL |
| | : | MAGISTRATE JUDGE HOGAN |
| **JAMES MCWEENEY, et al.,** | : | |
| Defendants. | : | |

## REPLY TO PLAINTIFF'S OPPOSITION TO DEFENDANT AUDREY YOUNG'S SUPPLEMENTARY OBJECTION

Plaintiff is asking the Court to deny Defendant Young's supplementary objection for several reasons. Plaintiff makes much of the fact that Defendant states for the first time that she had no personal involvement in posting his cash slips. Defendant has already informed the Court that she had retired from LeCI. (Ex. A Sauer Aff.) She moved and gave no forwarding address to the institution. (*Id*.) As a result, the undersigned counsel was unable to locate her for some time to obtain more definitive information from her. After having met with her and based on an affidavit provided by her successor, it is clear that Defendant had no personal involvement in the alleged constitutional violation. Defendant was the supervisor. She had two people who worked for her and were primarily responsible for posting to inmate accounts and for sending checks in response to inmates' cash slips.

The primary issue in this case is that Plaintiff is himself responsible for any delay in sending his appeal for two reasons:

    1.    He waited from Monday to Friday before turning in his cash slip. Once a cash slip is turned in, it then gets posted in the cashier's

>
> office and checks are written the Friday after this. Therefore, the earliest that a check could have been sent was December 10th.
>
> 2.  The day before December 10th, Plaintiff shopped at the Commissary, spending $11.09. This left him a balance of $24.04, not enough money to file an appeal and the postage to send it.

Plaintiff alleges that he sent a kite to Defendant Young asking her to send the money to the Court of Claims. He claims that he provided the Court both the front and back of the kite. This is incorrect. Counsel's copy of Exhibit A only shows the written portion of the kite. It is not addressed to any individual and is not dated. Contrary to usual procedure, no response is written on the kite. In other words Plaintiff provides no evidence that the kite was sent to Defendant or received by her.

In previously denying Defendants' Motion for Summary Judgment, the Court raised several questions which can now be answered since counsel has spoken with her client. Plaintiff alleges that he signed the cash slip on December 3, 1999. As mentioned previously, this would be received by the cashier's office the following Monday or Tuesday, the 6th or 7th. Cash slips are ordinarily paid out on Fridays. This is in order to cover any commissary charges that an inmate has incurred during the week. In fact, Plaintiff incurred $11.09 in commissary charges on December 9, 1999. Therefore, when the cashier's office was handling cash slips the next day, Friday, Plaintiff did not have sufficient funds to send his appeal. As mentioned previously, contrary to Plaintiff's claim, inmates are not entitled to free postage as an indigent. Inmates are entitled to one free legal envelope per week. O.A.C. §5120-9-18(D). On December 8, 1999, Plaintiff had an account balance of $35.13. Had he been more judicious in

his commissary purchases, the appeal would have been sent timely on December 10, 1999, the next time the cashier's office sent out checks in response to cash slips. As to the Court's other questions regarding how the notice of appeal got sent out and received by the Court of Claims on December 14, 1999, Defendant cannot provide an answer to that question. She can merely restate that she did not hold Plaintiff's cash slip and did not send out any notice of appeal or check to the Court of Claims. In the entire month of December, 1999, Defendant posted three items in Plaintiff's account, a commissary charge of $13.02 on December 15, 1999, a $30.00 check from Millie Copas, posted the same day, and a small charge for copies posted December 28, 1999. [1]

    Plaintiff has filed this claim against Defendant Young, referring to her as "the cashier". At the time in question, she was one of three employees in the cashier's office. She was not personally involved in handling Plaintiff's cash slip, turned in by his unit manager on December 3, 1999. She did not withhold nor delay sending his notice of appeal to the Court of Claims. For those reasons alone, Defendant cannot be held liable for denying Plaintiff access to court. Therefore, she should be dismissed as a matter of law.

---

[1] Each time a person in the cashier's office posts to an inmate account, their initials are placed on the demand statement. Ms. Young's initials, ACY, appear on those dates mentioned above.

Respectfully submitted,

JIM PETRO
Attorney General of Ohio


s/ MARIANNE PRESSMAN
MARIANNE PRESSMAN (0059512)
Assistant Attorney General
Corrections Litigation Section
1600 Carew Tower
441 Vine Street
Cincinnati, OH  45202
Telephone:   (513) 852-3497
Facsimile:    (513) 852-3484
E-Mail:  mpressman@ag.state.oh.us


**CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing was forwarded to Plaintiff, David Billups, #211-903, Ross Correctional Institution, P.O. Box 7010, Chillicothe, Ohio 45601by regular U.S. mail on this 18th day of December, 2003.


s/MARIANNE PRESSMAN
MARIANNE PRESSMAN
Assistant Attorney General

4