UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

DAVID BILLUPS, : NO: 1:01-CV-00377
:
    Plaintiff, :
: **ORDER**
  v. :
:
JAMES MCWEENEY, et al., :
:
:
    Defendants. :

    This matter is before the Court on the Magistrate Judge's Order and Report and Recommendation (doc. 115), Plaintiff's Objections, styled as a Motion for Court Review (doc. 118), Defendants' Response in Opposition to Plaintiff's Motion (doc. 121), Defendant Audrey Young's Supplementary Objection (doc. 124), Plaintiff's Opposition to Defendant Audrey Young's Supplementary Objection (doc. 129), and Defendants' Reply (doc. 132).

    The facts of this case have been recited in previous court Orders (docs 78, 87, & 94). Plaintiff, a former inmate at the Lebanon Correctional Institution (hereinafter "LCI"), and currently in state custody, filed a Complaint on June 7, 2001, contending that he is entitled to relief under 42 U.S.C. § 1983 for deprivation of his constitutional rights (doc. 1). The remaining Defendants are Dr. James McWeeney, the LCI medical director; Audrey C. Young, the LCI cashier; Tim Sowards, the now-deceased LCI institutional inspector; and Dr. Pedro Obregon, the Southern Ohio Correctional Facility Medical Director.

    The Magistrate Judge, in considering Defendants'

Supplementary Motion for Summary Judgment (doc. 99), recommended that summary judgment be granted for all of the Defendants except for Audrey C. Young (doc. 115).  Plaintiff, who is acting pro se, filed his objections on August 11, 2003, while failing to serve them on Defendants (doc. 118).  Defendants protested Plaintiff's failure to serve them, stating that this instance was Plaintiff's sixteenth failure to serve them (doc. 121).  Defendant Audrey C. Young filed a supplementary objection, proffering evidence that she had no personal involvement in the case, and should be dismissed along with the other Defendants (doc. 124).  Plaintiff opposed Young's supplementary objection (doc. 129), and Defendant Young replied (doc. 132).

For the reasons detailed herein, the Court finds the Magistrate Judge's Report and Recommendation thorough and well-reasoned, and adopts it to the extent that the Court dismisses Defendants McWeeney and Sowards, as recommended.  Moreover, the Court finds Defendant Audrey Young's supplementary objection persuasive, and dismisses the Complaint against her as well.

**I.    Plaintiff's Eighth Amendment Claim Against Dr. McWeeney.**

Plaintiff, who has a history of mercury poisoning, claims that his Eighth Amendment right to be free from cruel and unusual punishment was violated when Dr. McWeeney allegedly acted with deliberate indifference in discontinuing a "standing order" from Dr. Dulan that Plaintiff be housed in an environmental tobacco smoke ("ETS")-free environment.  The Magistrate Judge reviewed the facts and found that Plaintiff did not suffer from a medical

condition requiring a smoke-free environment (Id.).  Citing Dr. Casavant, Plaintiff's treating toxicologist, the Magistrate Judge found that the undisputed evidence shows that the exposure to second-hand smoke poses no greater threat to people with mercury poisoning than anyone else (doc. 115). Accordingly, the Magistrate Judge found that Plaintiff failed to establish the objective component of his claim under Helling v. McKinney, 509 U.S. 25, 35-36 (1993), or Hunt v. Reynolds, 974 F.2d 734, 735 (6th Cir. 1992), cert. denied, 510 U.S. 1052 (1994)(Id.).  Similarly, the Magistrate Judge found that Plaintiff failed to establish the subjective component that Dr. McWeeney acted with deliberate indifference to Plaintiff's needs (Id.).  The Magistrate Judge found that though there may have been a difference in medical opinion between Dr. Dulan and Dr. McWeeney, such difference does not amount to deliberate indifference on the part of Dr. McWeeney under Estelle v. Gamble, 429 U.S. 97, 107-08 (1976)(Id.). The evidence further shows that there is no such thing as a "standing order," and that Dr. Dulan was Dr. McWeeney's subordinate (Id.).  Moreover, the evidence shows that when Dr. McWeeney reviewed Plaintiff's chart in December 1999, Plaintiff showed neither symptoms of a pulmonary condition that would cause injury by ambient smoke, nor suffered any adverse effects from mercury toxicity ( Id.).  The Magistrate Judge properly concluded, therefore, that it was reasonable for Dr. McWeeney to rely on such information in determining that Plaintiff did not have a serious medical need for a smoke-free environment (Id.).

Plaintiff's Objections to the Report and Recommendation were filed as a "Motion for Court Review," that Defendants protested Plaintiff failed to timely serve upon them (doc. 121). Defendants argue therefore that Plaintiff's Objections should be stricken (Id.). Although the Court is unimpressed by Plaintiff's continued failure to serve Defendants according to the rules, the Court notes that Plaintiff is proceeding pro se, and that Defendants are not prejudiced in this instance, as they filed memoranda in opposition to Plaintiff's objections which the Court considers as well.

In his objections, Plaintiff first attacks the veracity of Defendant McWeeney's affidavit (doc. 118). Plaintiff contests that Defendant McWeeney knew of Dr. Dulan's order before Plaintiff filed his grievance (Id.). The Court finds however that Plaintiff's argument fails to address the dispositive issue, that Dr. McWeeney had a reasonable basis for his decision, regardless of when Dr. McWeeney learned of Dr. Dulan's order. Plaintiff next critiques Dr. Casavant's affidavit, arguing that Dr. Casavant did not treat him during the relevant time frame in the Complaint (Id.). However, Plaintiff again fails to address the substance of Defendant's argument. Even if Dr. Casavant was not Plaintiff's treating physician at all, his expert opinion as a toxicologist that exposure to second-hand smoke poses no greater risk to people with mercury poisoning than anyone else is relevant to the determination that Plaintiff was not subjected to objectively harmful levels of second-hand smoke.

Plaintiff subsequently shifts his argument, apparently so as to exclude his mercury poisoning (Id.). Plaintiff alleges that exposure to second-hand smoke is a danger to anyone (Id.). Leaving aside the fact that Plaintiff's Complaint specifically alleged his need for an ETS-free environment based on mercury poisoning, Plaintiff's new allegation fails. Plaintiff ignores the standard articulated in Helling, 509 U.S. 25, 35-36, that requires that he prove that he was exposed to unreasonably high levels of environmental tobacco smoke. Plaintiff may have been exposed to ETS while housed at LCI, yet he has proffered no evidence that such exposure was at an unreasonably high level.

Finally, Plaintiff argues that it is untrue that other LCI inmates had a greater need for a smoke-free environment based on the fact that Defendant McWeeney did not issue any nonsmoking housing orders during the relevant time period (doc. 118). The Court does not base its decision on this representation of Dr. McWeeney, but finds the other grounds for Defendant McWeeney's decision adequate to support its reasonableness. The Court further finds that even if there were sufficient facts in the record to support Plaintiff's theory, such issue is not outcome determinative.

## II. Plaintiff's First Amendment Retaliation Claim against Dr. McWeeney

Plaintiff's First Amendment Retaliation Claim against Dr. McWeeney is grounded in the theory that Dr. McWeeney discontinued his "standing order" to be placed in a smoke-free environment, in

response to Plaintiff's grievance that the order was being ignored. The Magistrate Judge found that Plaintiff was engaged in protected conduct in filing his grievance, and that the discontinuation of the medical order constitutes an adverse action (Id.). However, the Magistrate Judge found that Defendant McWeeney can prevail on the claim if he can show that he would have taken the same action regardless of Plaintiff's grievance ( Id. citing Thaddeux-X v. Blatter, 175 F.3d 378, 394 (6th Cir. 1999)). The Magistrate Judge concluded that based on the fact that Dr. McWeeney had a reasonable basis to discontinue the order, and based on his testimony that other inmates had a greater need for a smoke-free environment, Dr. McWeeney would have discontinued the medical order even in the absence of Plaintiff's grievance (Id.). As noted above, the Court finds that Dr. McWeeney had a reasonable basis to discontinue the order based on his review of Plaintiff's chart alone.

**III. Plaintiff's Deliberate Indifference Claim against Defendant Sowards**

Plaintiff alleges that Institutional Inspector Tim Sowards was deliberately indifferent to his serious medical needs in refusing to order a transfer of Plaintiff to a prison that offers diabetic diets (Id.). Defendants proffer evidence that diabetic inmates are now being provided with an education program in order to do a self-selection of offered food options rather than being provided a special diabetic diet (Id.). Defendants proffer evidence that in the absence of a specific medical order, inmates receive nutrition education, and Plaintiff does not dispute that he

6

received such education (Id.). Defendants argue that Plaintiff has not presented justification for the requested transfer: evidence of a medical order requiring a particular diabetic diet (Id.).

In light of the evidence, the Magistrate Judge found that Defendant Sowards took reasonable steps to address Plaintiff's concerns (Id.). The Magistrate Judge thus properly concluded that Defendants' Motion for Summary Judgment should be granted on Plaintiff's deliberate indifference claim against Defendant Sowards (Id.).

**IV. Plaintiff's Denial of Access of Courts Claim Against Audrey Young**

Plaintiff claims that Defendant Young, the LCI cashier, delayed the processing of his legal mail, which resulted in the dismissal of his appeal to the Ohio Court of Appeals in December 1999. Plaintiff alleges that he had ample funds in his account to cover the necessary filing fee and postage, and that Young's actions denied him access to the Courts.

The Magistrate Judge found that issues of fact exist as to when the cashier's office actually received Plaintiff's case slip, whether Plaintiff was entitled to free postage as an indigent even if he had insufficient funds in his inmate account, why the cash slip was not processed on December 6 or 7, 1999, when it was admittedly received by the cashier's office and Plaintiff had sufficient funds in his account, and how the notice of appeal was sent out and received by the Court of Appeals on December 14, 1999, when the cash slip was not processed until December 22, 1999 (Id.).

7

The Magistrate Judge did not find well-taken Defendants' argument that Plaintiff's claim must fail because he cannot show meritorious the underlying claims he intended to appeal before the Ohio Court of Claims (Id.). Defendants, found the Magistrate Judge, have cited no procedural or substantive errors showing Plaintiff's appeal was doomed to fail absent the untimely filing (Id.). For all of these reasons, the Magistrate Judge recommended that Defendants' Motion for Summary Judgment on Plaintiff's denial of access to courts claim be denied (Id.).

Defendant Young's counsel responded that because Defendant Young retired and moved out of the area, she was previously unavailable for consultation (Id.). However, after having consulted with Defendant Young, counsel argues that she too should be dismissed as a matter of law (Id.).

Defendant Young filed her supplementary objection, proffering evidence showing that Plaintiff did not give his cash slip for filing and postage of his appeal to his unit manager until Friday, December 3, 1999 (doc. 124). Defendant Young states that had Plaintiff submitted the cash slip during the week of November 29, 1999, it would have been processed on December 3, as the cashier's office procedure is to process the slips on Fridays (Id.). However, Young avers, Plaintiff's cash slip properly would not be processed until the following Friday, December 10, 1999 (Id.). Furthermore, Young avers that Plaintiff spent $11.09 at the Commissary on December 9, 1999, thus leaving insufficient funds to cover the postage and filing fee costs the following day (Id.).

Young avers that she did not make the determination that Plaintiff did not have sufficient funds, but rather the cashier handling the slip did so (Id.). Finally, Young states that Plaintiff's understanding is incorrect that inmates with inadequate funds are entitled to postage to send documents to a court (Id.). Young states, citing O.A.C. §5120.9-18(D), that inmates are entitled to one free first-class stamp legal envelope per week (Id.).

According to Young, Plaintiff has failed to allege how that she was personally involved in the matter complained of (Id.). Young avers that she was not personally responsible for holding Plaintiff's cash slip until Plaintiff had sufficient money, and that she merely initialed the deduction for Plaintiff's commissary bill (Id.). Finally, Young argues that she responded to all kites (communications through the prison's internal system) sent to her by inmates, and that she received no communication from Plaintiff on December 3, 1999 (Id.).

Plaintiff replied that Young's objections should be denied for three reasons (doc. 129). Plaintiff first argues that at no other time during the pendency of this litigation has Defendant Young claimed to have no personal involvement with the matter at hand (Id.). However, Plaintiff's argument ignores the reality that Defendant's counsel was unable to locate and consult with Defendant Young until shortly before the filing of her objections. It is therefore irrelevant whether Young raised any particular arguments at any prior occasion. She raises them now, and it is Plaintiff's burden to address them.

Plaintiff's second argument is that his slip could have been processed on December 3, 1999, a Friday, the same day that it was submitted (Id.). The Court finds, however, that although the cash slip could have been processed on December 3, 1999, it is not necessarily the case that it was required to be processed on that day. The cash slip could very well have arrived late in the day after the processing was complete. Defendants aver that the earliest that the slip would have been processed would have been early the following week. The prison accounting system does not function at Plaintiff's beck and call; it is not unreasonable for the processing of paperwork to take more than one day, as Plaintiff's argument would require. For these reasons, the Court rejects Plaintiff's second argument.

Plaintiff's third argument is that the Court should reject Defendant Young's arguments that she never received the kite he alleges he sent her on December 3, 1999 (doc. 129). Plaintiff argues that the kite was sent December 2, 1999, but upon review, the Court notes that it was not addressed directly to Defendant Young, but rather to the cashier's office. The kite also lacks any response from the cashier's office. Plaintiff provides no evidence that the kite was sent to or received by Defendant Young.

The Court finds that even if the cashier's officer received the kite on December 2 or 3, 1999, it would still not be unreasonable for the office to process Plaintiff's cash slip early the following week. Moreover, there is no evidence in the record that Defendant Young received the kite, that it was addressed to

10

her, or even if she did receive it, that she was personally responsible for locating and processing Plaintiff's cash slip on an expedited basis. The Court rejects Plaintiff's arguments as meritless.

### V. CONCLUSION

Having reviewed this matter, the Court finds the Magistrate Judge's Report and Recommendation thorough and well-reasoned. Each of Plaintiff's claims against Dr. McWeeney fail as McWeeney had a reasonable basis to reject Plaintiff's request to be placed in a smoke-free environment. Similarly, Plaintiff's deliberate indifference claim against Defendant Sowards fails, because the Court finds that Sowards acted reasonably and Plaintiff was provided with dietary training adequate to address his needs. Finally, the Court finds Defendant Audrey Young's objections based on the supplementary information provided well-taken. For these reasons, Plaintiff's claims against Defendants McWeeney, Sowards, and Young are dismissed.

Proper notice was given to Petitioner under Title 28 U.S.C. § 636(b)(1)(C), including the notice that Petitioner would waive further appeal if he failed to file an objection to the Magistrate Judge's Report and Recommendation in a timely manner. See United States v. Walters, 638 F.2d 947, 949-50 (6th Cir. 1981).

Having reviewed this matter de novo, pursuant to Title 28 U.S.C. § 636, the Court concludes that the Magistrate Judge's Report and Recommendation is correct. Accordingly, the Court hereby ADOPTS IN PART the Magistrate Judge's Report and

Recommendation (doc. 115) to the extent that it DISMISSES Plaintiff's Eighth Amendment deliberate indifference claim against Dr. McWeeney, Plaintiff's First Amendment retaliation claim against Dr. McWeeney, and Plaintiff's Deliberate Indifference Claim against Defendant Sowards.  The Court further finds Defendant Audrey Young's Supplementary Objection to the Magistrate Judge's Report and Recommendation well-taken (doc. 124), and therefore DISMISSES Plaintiff's First Amendment denial of access to courts claim against Defendant Young as well.

       SO ORDERED.

Dated: December 30, 2003      /s/ S. Arthur Spiegel
                                       S. Arthur Spiegel
                                       United States Senior District Judge