```
                    UNITED STATES DISTRICT COURT
                     SOUTHERN DISTRICT OF OHIO
                          WESTERN DIVISION
```

DAVID BILLUPS,
    PLAINTIFF,

    -vs-                                  CASE NO.  C-1-01-377
                                             JUDGE SPIEGEL
JAMES McWEENEY, ET AL.,        MAGISTRATE JUDGE HOGAN
    DEFENDANTS.           /


PLAINTIFF'S TRAVERSE IN OPPOSITION TO DEFENDANTS'
REPLY TO PLAINTIFF'S OPPOSITION TO
<u>DEFENDANT AUDREY YOUNG'S SUPPLEMENTARY OBJECTION</u>

    Plaintiff, David Billups, makes the following traverses in opposition to Defendants' Reply To Plaintiff's Opposition To Defendant Audrey Young's Supplementary Objection"(hereinafter Defendants' Reply):

POINT I

    Defendants continue to state on Page 1 of the Defendants' Reply Defendant Young retired, moved away, and they did not know where she was.  This negligence on Defendants' Counsel part should not be attributed to Plaintiff.  It also brings forth the following:

1. Why did Defendants' Counsel not investigate Plaintiff's Complaint and meet with Defendant Young when she <u>was</u> at Lebanon for the nine (9) months following the filing of Plaintiff's Complaint from June 7, 2001 to March 28, 2002?

2. Why did Defendants' Counsel not notify this Court or Plaintiff of Defendant Young's retirement or lack of personal involvement on or about March 28, 2002, the date of Defendant Young's retirement?

3. If Defendants' Counsel and Ed Sauer, pursuant to his

>    Affidavit attached to Defendants' Reply, did not know
>    the whereabouts of Defendant Young, then how was Defendant
>    Young's retirement checks sent to her?

4.  How was Defendant Young ultimately found in order
    to file the 11.24.03 Supplementary Objection, and
    why was she not found years sooner?

## POINT II

On Page 1 and 2 of Defendants' Reply, Defendants state Plaintiff waited until from Monday, 11.29.99, the day he returned from surgery to Friday, 12.3.99 to sign and send off the legal cash slips.

Defendants neglect to inform this Court of the following facts:

1.  Plaintiff is right handed. On 11.29.99 Plaintiff
    returned from rotator cuff right shoulder surgery
    with over twelve (12) staples in his right shoulder,
    as thus Plaintiff was unable to use his right arm.
    This fact was well known and Plaintiff also informed
    the Court of Appeals of this. Please see "Plaintiff's
    Motion for Partial Summary Judgment", filed 10.22.01
    with this Court at Exhibit "F" at #4. Therefore,
    Plaintiff did timely sign his legal cash slip.

## POINT III

Defendants state on page 2 of the Defendants' Reply, in reference to the kite Plaintiff sent to the Cashier's Office informing them of the need to process Plaintiff's legal mail cash slips right away, "He claims that he provided the Court both the front and back of the kite. This is incorrect. Counsel's copy of Exhibit "A" only shows the written portion of the kite"(sic)

As Plaintiff stated in his Opposition Motion, the front

and back copy of the kite is attached to "Plaintiff's Motion For Partial Summary Judgment" at Exhibit "A", the kite is dated 12.2.99 and signed by the guard whom issued it.

Further, as proven by Exhibit "B" of that same Motion, Plaintiff's cash slips and legal papers were taken to the Cashier's Office on 12.3.99, a Friday. Defendants claim on Page 2 of the Defendants' Reply, "cash slips are ordinarily paid out of Fridays"(sic). As thus, there is no reason why Plaintiff's legal papers and legal cash slips could not have been processed on Friday, 12.3.99 and timely mailed to the Court of Appeals.

Moreover, there is no policy, nor authority which permits the Cashier to hold legal papers and legal cash slips and not process them until Fridays.

This policy is not posted anywhere, nor has Plaintiff at anytime been made aware of this policy. Even if in existence, it would still be an illegal policy to hold legal papers and not timely process them and mail them out.

### CONCLUSIONS

For the foregoing reasons, Defendant Young's Supplementary Objection should be denied and Summary Judgment granted in favor of Plaintiff and against Defendant Young on this issue.

Respectfully Submitted,

/s/ David Billups
David Billups
P.O. Box 7010-211903
Chillicothe, Ohio
45601

### CERTIFICATE OF SERVICE

I hereby certify a copy of the foregoing has been served to Counsel for Defendants at: Marianne Pressman#0059512, 441 Vine St., 1600 Carew Tower, Cincinnati, Oh., 45202 this 26th day of December 2003 by regular U.S. Mail.

/s/ David Billups
David Billups