UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

David Billups,                                    Case No. C-1-01-377

    Plaintiff

vs

James McWeeney, et al.,                **REPORT AND RECOMMENDATION**
                                       (Spiegel, J.; Hogan, M.J.)
    Defendants


This matter is before the Court on plaintiff's motions for Rule 11 sanctions against the defendants and for hearing (Doc. 126, 127), and defendants' response thereto. (Doc. 131).[1]

Plaintiff seeks sanctions against defendants for allegedly "misleading" the Court by filing "Defendant Audrey Young's Supplementary Objection to the Magistrate's Report and Recommendation" wherein defendant Young alleges no personal involvement in plaintiff's denial of access to the courts claim. (Doc. 126 at 1). The District Judge has already considered and rejected this contention by plaintiff in his Order of December 30, 2003. (Doc. 133 at 9). Moreover, a party seeking sanctions under Rule 11 must follow a two-step process: (1) serve the Rule 11 motion on the opposing party for a designated period (at least twenty-one days); and (2) file the motion with the court. *Ridder v. City of Springfield*, 109 F.3d 288, 294 (6th Cir. 1997), *cert. denied*, 522 U.S. 1046 (1998). Motions for sanctions "shall not be filed with or presented to the court unless, within 21 days after service of the motion (or such other period as the court may prescribe), the challenged paper, claim, defense, contention, allegation, or denial is not withdrawn or appropriately corrected." Fed. R. Civ. P. 11(c)(1)(A). Because plaintiff had

---

[1] A Rule 11 motion is "claim" of party and a magistrate judge lacks authority to dispose of such a claim by ruling upon the sanctions motion. *Bennett v. General Caster Service of N. Gordon Co., Inc.*, 976 F.2d 995 (6th Cir. 1992) (per curiam). Therefore, the undersigned issues a Report and Recommendation in this matter.

failed to comply with the twenty-one day "safe harbor" provision of Rule 11, his motion for Rule 11 sanctions should be **DENIED**.

**IT IS THEREFORE RECOMMENDED THAT** plaintiff's motions for Rule 11 sanctions and for hearing (Docs. 127, 128) be **DENIED**.


Date:  1/8/2004              s/Timothy S. Hogan
                             Timothy S. Hogan
                             United States Magistrate Judge

## NOTICE TO THE PARTIES REGARDING THE FILING OF OBJECTIONS TO THIS R&R

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to this Report & Recommendation ("R&R") within **TEN (10) DAYS** after being served with a copy thereof.  That period may be extended further by the Court on timely motion by either side for an extension of time.  All objections shall specify the portion(s) of the R&R objected to, and shall be accompanied by a memorandum of law in support of the objections.  A party shall respond to an opponent's objections within **TEN DAYS** after being served with a copy of those objections.  Failure to make objections in accordance with this procedure may forfeit rights on appeal.  *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).