```
                UNITED STATES DISTRICT COURT                FILED
                 SOUTHERN DISTRICT OF OHIO
                     WESTERN DIVISION                    JAN 0 6 2004
```

DAVID BILLUPS,
    PLAINTIFF,

  -vs-

JAMES McWEENEY, ET AL.,
    DEFENDANTS.    /

JAMES BONINI, Clerk
CINCINNATI OHIO

CASE NO. C-1-01-377
JUDGE SPIEGEL
MAGISTRATE JUDGE HOGAN

### PLAINTIFF'S MOTION TO SET ASIDE THE COURT'S ORDER OF 12.30.03

Plaintiff, David Billups, moves this Court to set aside its ORDER issued December 30, 2003 for the following reasons:

### POINT I

### DEFENDANT McWEENEY'S AFFIDAVIT IS NOT CREDIBLE AND IS TAILORED TO MEET THIS COURT'S PREVIOUS REQUESTS.

Plaintiff first stated to this Court by Motion filed April 22, 2002, that Defendant McWeeney did not submit an Affidavit in response to Plaintiff's Summary Judgment Motion as is required by Rule 56(e) Fed.R.Civ.P.

The Magistrate states on 9.11.02 in Doc. 63 at page 7 and 8 that Defendant McWeeney cancelled Plaintiff's nonsmoking housing order without explanation. Then on page 9 the Magistrate states, "it is not clear that Dr. McWeeney would have revoked the medical order issued by Dr. Dulan in the absence of plaintiff's grievance"(sic). Then on page 8 and 9 the Magistrate states, "Dr. McWeeney can still prevail if he shows, 'he would have taken the same action in the absence of the protected activity..."(sic) citing THADDEUS-X v. BLATTER, 175 F.3d 378 at 399; which is the leading precedent case of this Circuit.

On September 23, 2002, Plaintiff again stated to this Court by Motion (Doc.66) Defendant McWeeney did not submit an Affidavit to rebut Plaintiff's Summary Judgment Motion as is required by Rule 56(e)Fed.R.Civ.P.

This Court stated in its ORDER of 1.17.03 (Doc.87 at page 3) "...the cancellation of the order without explanation was in response to Plaintiff's grievance(Id.)"(sic).

This Court stated on February 25, 2003 in Doc.94 at page 3, "such explanation could have been presented by an affidavit of Dr. McWeeney, but was not."(sic). This Court went on to state, "such lack of explanation demonstrated that an issue of fact remains..."(sic)

On January 24, 2003 Defendants file the Motion to set aside this Court's ORDER of 1.17.03.

The undisputed facts show that Plaintiff and this Court made reference to Defendant McWeeney's failure to file an Affidavit to rebut Plaintiff's Summary Judgment Motion on the following dates:

1. April 22, 2002 - Plaintiff
2. September 11, 2002 - Magistrate Judge Hogan - Doc.63
3. September 23, 2002 - Plaintiff - Doc.66
4. January 17, 2003 - Judge Spiegel - Doc.87
5. February 25, 2003 - Judge Spiegel - Doc.94

On April 2, 2003 This Court grants Defendants' Motion to set aside its ORDER of January 17, 2003.

Then, finally on April 28, 2003, Defendant McWeeney files an Affidavit and, <u>not surprisingly</u>, it is specifically tailored to meet this Court's previous statements in Doc.63, Doc.87, and Doc.94.

It is clear, more than an inference, Defendant McWeeney had no intention of filing an Affidavit pursuant to Rule 56(e) Fed.R.Civ.P., and only did so to adhere to this Court's prior statements in Doc.63, 87, and 94.

As thus, Defendant McWeeney's Affidavit is not credible and should be given no weight by this Court. Moreover, because

Defendant McWeeney's Affidavit is made in bad faith, Plaintiff further requests sanctions pursuant to Rule 56(g)Fed.R.Civ.P.

### POINT II

### DISCOVERY HAS NOT BEEN COMPLETED IN ORDER PLAINTIFF MAY REBUT THE AFFIDAVIT OF DEFENDANT McWEENEY

Plaintiff requested Discovery by Motion to this Court on May 16, 2003 Doc.104 at page 5 and 6 and on August 11, 2003 at page 3 Doc.118 to rebut Defendant McWeeney's Affidavit at #19 and the Supplementary Motion For Summary Judgment filed April 28, 2003 at page 15, and also page 17 to rebut the fact Defendant McWeeney states he, "ordered Plaintiff be kept on a waiting list"(sic)

The Defendant refused to provide this Discovery by Reply dated June 23, 2003 (Doc.113 at page 4).

Plaintiff questions the veracity of Defendant McWeeney's Affidavit and requests Discovery to submit the documentary proof.

### POINT III

### THIS COURT SHOULD NOT DECIDE DISPUTED FACTS OR ASSESS CREDIBILITY TO DEFENDANTS" AFFIDAVIT OVER AND ABOVE PLAINTIFF"S AFFIDAVIT AND STATEMENT OF UNDISPUTED FACTS FILED 10.22.01

By Opposition filed May 16, 2003 Doc.104 at pages 4,5, and 6, Plaintiff disputed and rebutted Defendant McWeeney's Affidavit at #7,#14,#16,#17, and #19, also on pages 5 & 6 Plaintiff rebutted Defendant McWeeney's Affidavit at #12,#13, and #14.

Because material facts are in dispute, Summary Judgment should not be granted in favor of the Defendants, nor should

this Court decide these disputed facts or assess credibility on Plaintiff's Summary Judgment Motion in favour of the Defendants over and above Plaintiff, WILSON v. WILLIAMS=, 997 F.2d 348, 350-51 (7th Cir. 1993), GRAY V.SPILLMAN=, 925 F.2d 90, 95 (4th Cir. 1991).

POINT IV

PLAINTIFF IS GREATLY PREJUDICED BY DEFENDANT YOUNG'S ASSERTATION, FOR THE FIRST TIME IN MORE THAN TWO (2) YEARS, OF NO INVOLVEMENT

As stated by Opposition filed December 15, 2003 (Doc.129), Defendant Young has for the first time in over two years claimed no involvement with Plaintiff's legal mail and legal cash slips, this despite asserting several defenses concerning Defendant Young's lack of liability.

Defendant Young has made the following defenses and rebuttals and at no time claimed no involvement:

1. November 15, 2001 - Answer at #7
2. January 2002 - Deposition
3. April 8, 2002 - Doc.38 at page 8
4. April 28, 2003 - Doc.100 at page 17

This Court has made the following decisions and orders pursuant to Defendant Young being a party to this case and a named Defendant:

1. ORDER - Judge Spiegel - 9.19.01
2. ORDER - Magistrate Judge Hogan - 3.12.02
3. Report and Recommendation - Magistrate Judge Hogan - 9.11.02

At no time during the Administrative Remedy phase via the grievance procedure was Plaintiff notified Audrey Young had no involvement. In Fact, the inspector at Lebanon Tim Sowards told Plaintiff that Audrey Young was the Cashier in charge of cash slips. Generally, prisoners have no contact with the Cashier, as all transactions are done via institutional

internal mail. As thus, Plaintiff would have no direct, personal knowledge as to whom handled his legal mail and legal cash slips. Audrey Young was named as the Defendant due to an interview with inspector Sowards in which Plaintiff was told Audrey Young is the Cashier in charge of cash slips.

This case was filed June 7, 2001, had Defense Counsel conducted the investigation into this case by interviewing named Defendants, as per procedure, Plaitiff's Complaint would have proceeded much differently.

Plaintiff should not be prejudiced by Defense Counsel's negligence in not properly investigating and interviewing named Defendants. From June 7, 2001 to March 28, 2002 Defense Counsel had over nine (9) months to interview Audrey Young. March 28, 2002 being the date Defense Counsel states Defendant Young retired.

Plaintiff would be greatly prejudiced at this most late stage of these proceedings for Defendants to change course, mid stream, and now state Defendant Young had no involvement.

Respectfully Submitted,

/s/ David Billups
David Billups
Box 7010-211903
Chillicothe, Ohio 45601

### CERTIFICATE OF SERVICE

I hereby certify a copy of the foregoing has been mailed to Counsel for Defendant at: Marianne Pressman#0059512, 441 Vine Street, 1600 Carew Tower, Cincinnati, Ohio 45202 this 7th day of January 2004 by regular U.S. mail.

/s/ David Billups
David Billups

-5-