UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

David Billups,                                              Case No. C-1-01-377
    Plaintiff

vs

James McWeeney, et al.,                          **ORDER**
    Defendants                                    (Spiegel, J.; Hogan, M.J.)


    This matter is before the Court on plaintiff's motion to compel discovery as it pertains to defendant Obregon. (Doc. 117). Plaintiff seeks an order compelling access to his medical records from April 2001 to the present and "to complaints filed at any state or federal agency, medical board, law enforcement, etc., against Defendant Obregon."

    To the extent plaintiff seeks access to his medical records, plaintiff has already had the opportunity to review his entire medical file. (Doc. 117, Exh. A; see also Doc. 86, Exh. B). In addition, the Court notes that plaintiff's medical records for the pertinent time period have also been submitted with defendant Obregon's motion for summary judgment. Therefore, this request is without merit and denied.

    To the extent plaintiff seeks access "to complaints filed at any state or federal agency, medical board, law enforcement, etc., against Defendant Obregon," this request is also denied. Defendants object to the request, responding that the Attorney General has no access to such records and that such documents may be obtained by contacting these agencies directly. (Doc. 117, Exh. A). Pursuant to Fed. R. Civ. P. 34, the party upon whom a request for documents is served must be in possession, custody, or control of the requested item. Custody or control for purposes of Rule 34 includes "the legal right to obtain the documents on demand." *In re Bankers Trust Co.*, 61 F.3d 465, 469 (6th Cir. 1995). Here, it is undisputed that defendants do not have actual possession or custody of the complaints sought by plaintiff. Nor has plaintiff shown that defendants have the legal right to obtain such documents on demand from such agencies. In fact, to the extent plaintiff seeks complaints filed against defendant Obregon with the State Medical Board of Ohio, such documents are confidential and

not subject to discovery in any civil action. *See* Ohio Rev. Code § 4731.22(F)(5); *State Med. Bd. of Ohio v. Murray* (1993), 66 Ohio St.3d 527, 536. Therefore, plaintiff's request for production of these documents must be denied.

Accordingly, plaintiff's motion to compel discovery is **DENIED**.

**IT IS SO ORDERED.**


Date: 2/12/2004              s/Timothy S. Hogan
                             Timothy S. Hogan
                             United States Magistrate Judge