UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

04 FEB 23 PM 1:17

DAVID BILLUPS,
   PLAINTIFF,

-vs-

JAMES MCWEENEY ET AL.,
   DEFENDANTS.

CASE NO. C-1-01-377
JUDGE SPIEGEL
MAGISTRATE JUDGE HOGAN

PLAINTIFF'S OBJECTIONS TO THE MAGISTRATE'S
ORDER DOC. 150

Plaintiff, David Billups, makes the following objections to the Magistrate's Order Doc. 150:

POINT I
PLAINTIFF'S MOTIONS, DOCS 135 & 138
ARE SQUARELY IN ACCORD WITH
FED.R.CIV.P. 15(C)(2), (3)(B)

Fed.R.Civ.P. 15(C)(2) specifically states: "the claim or defense asserted in the amended pleading arose out of conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading,". For an amendment of a pleading to relate back to the original complaint, Fed. R.Civ.P. 15(3)(B) specifically states: "knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against the party."

On 11.24.03 for the first time in over two (2) years this case has been pending and with all the accompanied filings and ORDERS concerning Defendant Audrey Young, the Counsel for Defendants now state Defendant Young had no involvement in the case and is not the proper Defendant. On page 3 of their Motion Defendants name a "Mr. Watts and another account clerk were responsible for most of the postings."(sic)

Based on this newly raised assertion after over two (20 years, Plaintiff moved to amend the Complaint to add these

-1-

newly and correctly named Defendants. Plaintiff does not seek to change the Complaint in any manner other than to name the correct Defendants as now provided by Counsel for Defendants after now, over two (2) years.

Pursuant to Rules 15(C)(2), and (3)(B), Docs. 135 & 138 clearly asserts the same claim as in the original Complaint and the newly and correctly named Defendants, "knew or should have known that, but for a mistake concerning the identity of the proper party the action would have been brought against the [newly and correctly named Defendants]."

In this instant the "mistake" was the fact Counsel for Defendants waited for over two (2) years to assert Defendant Young had no involvement and to name the correct Defendants.

Plaintiff asserts he should not be punished and prejudiced because Counsel for Defendants **intentionally** withheld for over two (2) years the fact Audery Young had no involvement. as stated in Plaintiff's Motion to Set Aside filed 1.6.04 with this court, Plaintiff was first told Audrey Young was trhe Cashier in charged of cash slips during the Administrative Remedy phase by the institution inspector Tim Sowards during the grievance process. Further, the questions raised in Plaintiff's Traverse filed 1.5.04 with this Court has not been addressed.

POINT II

In Docs. 63 and 87 this Court made the factual determination that,"... The Court finds persuasive, that there are issues as to when the cashier's office actually received Plaintiff's cash slip, ... why the cash slip was not processed on December 6th or 7th when it was received by the cashier's office and when Plaintiff has sufficient funds in his account..." Plaintiff asserts these questions still remain and are not changed by the fact the newly and correctly named Defendants are now known. Plaintiff notes this Court states, "received by the cashier's office", and not "received by Defendant Young". This further shows that granting Plaintiff's Docs. 135 and 138 are very much fair and in the interests of justice.

-2-

For the foregoing reasons Plaintiff's Motions, Docs. 135 and 138 should be granted. Plaintiff asserts the newly and correctly named Defendants would in no way be prejudiced.

In fact, one newly and correctly named Defendant, Ron Watts, also a Cashier has already filed an Affidavit admitting he was one of the cashiers whom handled Plaintiff's cash slip. Please see Defendants' "Notice of Manual Filing" filed 11.24.03 at Exhibit "C".

### CONCLUSIONS

The Magistrate and this Court should not seek ways to arbitrarily dismiss this case merely because the Plaintiff is indigent, pro se, a prisoner, and **WITHOUT** benefit of Counsel.

Respectfully Submitted,

/s/ *[signature]*
David Billups
P.O. Box 7010-211903
Chillicothe, Ohio 45601

### CERTIFICATE OF SERVICE

I hereby certify a copy of the foregoing has been served to Counsel for Defendants at: Marianne Pressman #0059512, 441 Vine Street, Cincinnati, Ohio 45202 this 17th day of February 2004 by regular U.S. Mail.

/s/ *[signature]*
David Billups