```
              UNITED STATES DISTRICT COURT
               SOUTHERN DISTRICT OF OHIO
                    WESTERN DIVISION
```

DAVID BILLUPS,                  :    NO. 1:01-CV-00377
                                :
         Plaintiff,             :
                                :    **ORDER**
    v.                          :
                                :
JAMES MCWEENEY, et al.,         :
                                :
         Defendants.            :

Various matters are before the Court at this time, including Plaintiff's Motion to Set Aside the Court's Order of December 30, 2003 (doc. 146), to which no Response was filed. Also before the Court is the Magistrate Judge's Report and Recommendation (doc. 149), to which no Objection was filed. Finally, the Court considers Plaintiff's Objections to the Magistrate Judge's Order (doc. 153).

**I. Plaintiff's Motion to Set Aside the Court's Order (doc. 146)**

On January 26, 2004, Plaintiff moved the Court to set aside its December 30, 2003 Order dismissing his claims against Defendants McWeeney and Young. Rule 60(b) of the Federal Rules of Civil Procedure governs the legal question alluded to in Plaintiff's Motion.

> Rule 60(b) provides:
>
> On motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable

>   neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment. . . .

Fed. R. Civ. P. 60(b). Rule 60(b) specifies that in order to modify an order of a federal court, a party must show that judicial proceedings have been tainted by "mistakes, inadvertence, excusable neglect [or] extraordinary circumstances." See United States v. Universal Management Servs., Inc., 191 F.3d 750, 757 (6th Cir. 1999). Relief under 60(b) is "extraordinary and may be granted only upon a showing of exceptional circumstances." Stotts v. Memphis Fire Dept., 679 F.2d 541, 562 (6th Cir. 1982), rev'd on other grounds, 467 U.S. 561 (1984); see also Williams v. Arn, 654 F. Supp. 241, 246-47 (N.D. Ohio 1987) (quoting same).

Plaintiff's Motion asserts four grounds upon which he states the Court should set aside its Order. Plaintiff argues that 1) Defendant McWeeney's Affidavit is not credible and is tailored to meet the Court's previous requests, 2) discovery has not been completed so that Plaintiff could rebut the affidavit of Dr. McWeeney, 3) the Court should not decide disputed facts nor assess credibility to McWeeney's affidavit over and above Plaintiff's

Affidavit and Statement of Undisputed Facts, and 4) he is greatly prejudiced by Defendant Young's assertion, for the first time in two years, of no involvement (doc. 146). Plaintiff's arguments are recycled from those previously rejected by the Court. None of the grounds upon which he argues qualify under Rule 60 such that the Court should set aside its Order.

As for Plaintiff's first argument, which concerns McWeeney's actions in relation to Plaintiff's alleged non-smoking order, the Court has already found that Plaintiff failed to establish the objective component of his claim under Helling v. McKinney, 509 U.S. 25, 35-36 (1993), or Hunt v. Reynolds, 974 F.2d 734, 735 (6th Cir. 1992), cert. denied, 510 U.S. 1052 (1994)(doc. 133). Plaintiff has not offered any evidence pursuant to Rule 60 to show that the Court's conclusion based on expert testimony, that second-hand smoke poses no greater threat to people with mercury poisoning than anyone else, is a mistake. Similarly, Plaintiff has proffered nothing either to counter the Court's conclusion that Dr. McWeeney's judgment trumps that of his subordinate, Dr. Dulan, or to show that a "standing order" exists. As Plaintiff's environmental tobacco claim is fatally flawed, the first three grounds of his motion fail.

Plaintiff insinuates in his Motion that because Defendant McWeeney responded to the lack of evidence in the record with an affidavit addressing specific questions posed by the Court, Defendant is acting in bad faith and his testimony cannot be trusted. Yet Plaintiff offers no reason to question the

credibility of Dr. McWeeney other than that Dr. McWeeney answered questions that were posed. One would hope that a party to a lawsuit would attempt to answer queries of the Court in a direct manner, addressing the issue at hand. Dr. McWeeney did just that.

Plaintiff also takes a statement out of context from the Court's January 17, 2003 Order, entirely changing the meaning of a clause in such Order to suit his purposes.[1] Dr. McWeeney's affidavit cleared up the potential factual dispute addressed in that portion of the Order, and Plaintiff now shows no evidence under Rule 60 demonstrating mistake, fraud, excusable neglect.

Plaintiff also requests discovery on the issue of whether other prisoners were provided with a smoke-free environment, yet his request comes long after discovery closed. Plaintiff could have filed a Motion to Compel, the proper procedural vehicle during discovery to obtain relevant information, but he did not. In any event, for the reasons explained above, such information is irrelevant, as Plaintiff failed to meet the objective and subjective components of his claim. Discovery as to whether other prisoners were given priority for a smoke-free environment would not establish Plaintiff's objective or subjective claim.

---

[1] Plaintiff argues that "This Court stated in its ORDER of 1.17.03 (doc. 87 at 3) '. . .the cancellation of the order without explanation was in response to Plaintiff's grievance.'" The court actually stated that with the dearth of evidence at the time, a juror <u>could</u> "conclude that the cancellation of the order without explanation was in response to Plaintiff's grievance." No reasonable juror could find for Plaintiff with the evidence now before the Court, as Plaintiff simply has no claim for deliberate indifference to his medical needs.

4

Plaintiff asserts that material facts are in dispute, but fails to articulate them, and fails again to offer any basis to question the credibility of Dr. McWeeney's affidavit, beyond Plaintiff's own conclusory allegations that Dr. McWeeney lied. The lion's share of Plaintiff's May 16, 2003 Opposition brief attacking Dr. McWeeney's testimony focused on Dr. McWeeney's use of the word "noted." Plaintiff apparently understands that the use of such verb requires the generation of physical documents, or notes, to the exclusion of mental notes. Plaintiff misunderstands. There are no material facts in dispute as to his claim against Dr. McWeeney, and Plaintiff offers nothing under Rule 60 to change the Court's conclusion.

As for Plaintiff's final point, Plaintiff argues that he is greatly prejudiced by Defendant Young's assertion, for the first time in two years, that she had no involvement in this case. Plaintiff's argument, however, falls flat because he simply has no claim for denial of access to courts. The Court already found the prison cashier's office procedure adequate, in that it would be unreasonable to require it to process Plaintiff's paperwork in one day. Again, the prison accounting system does not operate at Plaintiff's beck and call, as his argument would require. For these reasons, Plaintiff has no claim against any one in the cashier's office. Therefore, he is not prejudiced by Young's assertion that she had nothing to do with the processing of his paperwork.

In summary, Plaintiff's Motion does not meet the

5

requirements of Rule 60. Plaintiff fails to show mistakes, inadvertence, excusable neglect or exceptional circumstances meriting the extraordinary relief of Rule 60(b). <u>Stotts v. Memphis Fire Dept.</u>, 679 F.2d 541, 562 (6th Cir. 1982).

**II.   The Magistrate Judge's February 12, 2004 Report and Recommendation (doc. 149)**

The Magistrate Judge filed his Report and Recommendation concluding that Defendant Obregon's Motion for Summary Judgment on Plaintiff's Eighth Amendment deliberate indifference claim be granted (doc. 149). Plaintiff filed no objection.

Dr. Obregon, Medical Director at the Southern Ohio Correctional Facility ("SOCF"), examined Plaintiff after Plaintiff's transfer to SOCF on April 24, 2001 (doc. 149). Similar to his conduct at the Lebanon Correctional Institution with Defendant McWeeney, Plaintiff showed Dr. Obregon his alleged "permanent medical restrictions" relating to his mercury poisoning (<u>Id</u>.). Dr. Obregon did not honor such restrictions, and Plaintiff sued for deliberate indifference (<u>Id</u>.).

The Magistrate Judge found that Plaintiff failed to establish the objective component of his Eighth Amendment claim against Dr. Obregon, as there are no genuine issues of material fact as to whether Plaintiff had a serious need for a smoke-free environment or chelation therapy (<u>Id</u>.). Similarly, the Magistrate Judge found that Plaintiff failed to establish the subjective component of his claim in that his treatment was not so "woefully

inadequate as to amount to no treatment at all" (Id. citing Westlake v. Lucas, 537 F.2d at 860-61 n.5 (6th Cir. 1976)).

Having reviewed this matter, the Court finds the Magistrate Judge's Report and Recommendation thorough and well-reasoned. Consequently, the Court affirms such Report and Recommendation in all respects. Proper notice was given to Petitioner under Title 28 U.S.C. § 636(b)(1)(C), including the notice that Petitioner would waive further appeal if he failed to file an objection to the Magistrate Judge's Report and Recommendation in a timely manner. See United States v. Walters, 638 F.2d 947, 949-50 (6th Cir. 1981). The Court further certifies pursuant to Title 28 U.S.C.§1915(a)(3) that an appeal of this Order would not be taken in good faith. McGore v. Wrigglesworth, 114 F.3d 601 (6th Cir. 1997).

### III. Plaintiff's Objections to the Magistrate Judge's Order (doc. 153)

On February 23, 2004, Plaintiff filed Objections to the Magistrate Judge's February 12, 2004 Order denying Plaintiff's first and second Motions to Amend/Supplement the Complaint to Include John or Jane Doe, and for discovery (doc. 150). The Magistrate Judge found it proper to deny Plaintiff's Motions as futile under Foman v. Davis, 371 U.S. 178, 182 (1962).

The Magistrate Judge first reasoned that Plaintiff's motion to amend cannot relate back to the original Complaint under Rule 15(c) because there was no mistake as to the identity of a

7

party.  Plaintiff challenges such reasoning, arguing that he made a mistake as to the identity of a party.  Indeed, it would not be unreasonable for a pro se Plaintiff to think that by naming the head of the cashier's office, he would find relief for his potential claim, even if others in the office were responsible.

However, Plaintiff's challenge to the Magistrate Judge's Order clearly fails on a subsequent ground: the simple fact that Plaintiff has no denial of access to courts claim against Ms. Young, or any one else in the cashier's office.  The Magistrate Judge correctly found facts showing that it was Defendant who unreasonably expected the cashier's office to process his paperwork the same day it was received, and that Plaintiff proffered no evidence showing that he even alerted the cashier's office that his paperwork needed expedited processing.  Plaintiff is simply incorrect to assert that issues of fact remain as to why his cash slip was not processed according to his wishes.  Audrey Young's affidavit adequately explained the operation of the cashier's office, which Plaintiff has in no way effectively challenged.

The Magistrate Judge concluded that the claim for denial of access to courts was therefore extinguished—it is not just a matter of dismissing Ms. Young, but rather, the whole claim.  Therefore, the Magistrate Judge properly concluded that amending the Complaint to include John or Jane Doe cashier would be futile.

## IV. Conclusion

Having reviewed the various matters at hand, the

Court concludes that Plaintiff's Motion to Set Aside the Court's Order of December 30, 2003 (doc. 146) lacks merit in that it fails to meet the requirements of Fed. R. Civ. P. 60(b).  The Court finds the Magistrate Judge's Report and Recommendation (doc. 149) well-taken and unopposed.  Finally, the Court finds Plaintiff's Objections to the Magistrate Judge's Order lacking in merit, as any amendment to his Complaint or further discovery would be futile in light of the nonexistence of his claim for denial of access to courts claim.

       Accordingly, the Court DENIES Plaintiff's Motion to Set Aside the Court's Order of December 30, 2003 (doc. 146), AFFIRMS the Magistrate Judge's Report and Recommendation (doc. 149), ADOPTS such Report and Recommendation in all respects, and GRANTS Defendant Obregon's Motion for Summary Judgment on Plaintiff's Eighth Amendment Claim (doc. 123).  The Court DENIES Plaintiff's Objections to the Magistrate Judge's Order (doc. 153), and AFFIRMS such Order (doc. 150) to the extent the Court concludes that any amendment to Plaintiff's claim for denial of access to courts, or further discovery regarding such claim, would be futile as such claim fails as a matter of law.  As there are no remaining claims or Defendants in this case, the case is DISMISSED from the Court's docket.

       SO ORDERED.

Dated: April 27, 2004       s/S. Arthur Spiegel
                              S. Arthur Spiegel
                              United States Senior District Judge